**Dennis WYMAN, Appellant,**

v.

**Warden John NASH, Warden B.O.P.**

**No. 05–1690.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) June 16, 2005.

Decided June 17, 2005.

Dennis Wyman, Fort Dix, NJ, pro se.

Before: NYGAARD, VAN ANTWERPEN and GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Dennis Wyman appeals from the District Court's order denying his habeas corpus petition filed under 28 U.S.C. § 2241. Wyman challenges the calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP"). Because we conclude that the District Court's order is correct in light of our recent opinion in *O'Donald v. Johns,* 402 F.3d 172 (3d Cir.2005), we will affirm.

Wyman is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, serving a sentence of 120 months for conspiracy to possess cocaine with intent to distribute. Wyman was sentenced on March 8, 2000. The BOP calculated a release date of June 26, 2008, pur-

suant to its reading of 18 U.S.C. § 3624(b), for which the BOP applies a formula affixing GCT based on time actually served. Wyman filed a petition pursuant to 28 U.S.C. § 2241 in February 2005, claiming specifically that the BOP misinterprets § 3624(b), depriving him of 70 days of GCT. He claims that he is entitled by statute to receive 54 days of GCT for each year of his imposed sentence, rather than the BOP's interpretation that he receives credit only for time actually served. By order entered February 24, 2005, the District Court held that the BOP's interpretation is correct and denied the petition. He then filed this appeal.[1]

We recently decided this precise issue. In *O'Donald,* we held that although § 3624(b) is ambiguous, the BOP's interpretation is reasonable. *Id.* at 174. We stated in *O'Donald,* that under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), we defer to the BOP's reasonable interpretation. *O'Donald,* 402 F.3d at 174. Thus, Wyman's claim must fail.

In short, in light of our recent opinion in *O'Donald v. Johns,* the District Court properly denied Wyman's challenge to the BOP's calculation of his GCT. Accordingly, we will affirm the District Court's order denying his habeas corpus petition.

---

1.  We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. *See Ruggiano v. Reish,* 307 F.3d 121, 126 (3d Cir.2002). Further, it is unclear whether Wyman exhausted his administrative remedies, *see Callwood v. Enos,* 230 F.3d 627, 634 (3d Cir.2000) (citations omitted), but considering that exhaustion is an affirmative defense and the petition is unopposed, we address the underlying claim on its merits. *See Ray v. Kertes,* 285 F.3d 287, 295 (3d Cir.2002).